

# NUMBER 13-26-00385-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**WILLIAM TRAVIS HAWK JR. AND
REBECCA MAE HAWK,**                                           **Appellants,**

**v.**

**KILLEBREW INC. D/B/A
VICTORIA DODGE CHRYSLER
JEEP RAM, PORT LAVACA
DODGE CHRYSLER JEEP INC.,
CONNECTED DEALER
SERVICES LLC, APEX PROTECT
GPS LLC, PROCON ANALYTICS LLC,
ADVANTAGE AUTOMOTIVE
ANALYTICS LLC, BEN KEATING,
INDIVIDUALLY, AND SANTANDER
CONSUMER USA INC. D/B/A
CHRYSLER CAPITAL,**                                           **Appellees.**

---

## ON APPEAL FROM THE 24TH DISTRICT COURT
## OF VICTORIA COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Justices Peña, West, and Fonseca**
**Memorandum Opinion by Justice West**

On April 14, 2026, appellants William Travis Hawk Jr. and Rebecca Mae Hawk filed a pro se notice of appeal regarding a final order dismissing their claims against appellees Killebrew Inc. d/b/a Victoria Dodge Chrysler Jeep Ram, Port Lavaca Dodge Chrysler Jeep Inc., Connected Dealer Services LLC, APEX Protect GPS LLC, Procon Analytics LLC, Advantage Automotive Analytics LLC, Ben Keating, individually, and Santander Consumer USA Inc. d/b/a Chrysler Capital.

On April 15, 2026, the Clerk of the Court requested appellants to pay the $205.00 filing fee for the notice of appeal within ten days. *See* TEX. R. APP. P. 5 ("A party who is not excused by statute or these rules from paying costs must pay—at the time an item is presented for filing—whatever fees are required by statute or Supreme Court order. The appellate court may enforce this rule by any order that is just."); TEX. GOV'T CODE § 51.207 (delineating the required fees and costs in an appellate court).

By motion, appellants thereafter sought to proceed without the payment of costs. The Court requested the trial court to prepare a supplemental clerk's record pertaining specifically to indigency, and the supplemental clerk's record contains the trial court's ruling that the appellants are not indigent. The Court further requested and received a response to appellants' motion from appellees, who opposed appellants' motion and presented several meritorious arguments supporting their contention that that appellants are not indigent. This Court thereafter denied appellants' motion to proceed without the

payment of costs. Specifically, on July 6, 2026, the Court denied appellants' motion to confirm their status as indigent and their motion to order the district clerk to transmit the complete record of this case to us. On July 10, 2026, appellants filed a "Combined Motion for Rehearing of July 6, 2026 Orders, Request for Proper Preparation and Filing of the Complete Clerk's Record, Correction of [Texas Rule of Appellate Procedure] 37.3(a)(1) Notice, and Clarification that No Reporter's Record Exists."

On July 15, 2026, the Clerk informed appellants that they were delinquent in submitting the filing fee for the appeal and that they had not paid $40.00 in additional filing fees for various motions. That same day, the Clerk also advised appellants that the clerk's record was originally due on June 23, 2026; however, the district clerk had notified the Court that the appellants had not made arrangements to pay for the clerk's record. The Clerk advised appellants that the appeal was subject to dismissal for want of prosecution unless appellants arranged to pay for the clerk's record and provided proof of payment to this Court within ten days. *See* TEX. R. APP. P. 37.3(b), 42.3(b), (c). On July 20, 2026, appellants filed a "Response to July 15–16, 2026 Fee and Record Notices; Motion to Confirm Indigent Status under [Texas Rule of Appellate Procedure] 20.1; Motion to Withdraw All Outstanding Fee Demands; Motion to Order Transmission of the Clerk's Record Without Payment of Costs; and Motion to Consolidate Related Proceedings."

The Court, having examined and fully considered the foregoing events, is of the opinion that this appeal should be dismissed. Specifically, this Court has the authority to dismiss an appeal when appellants fail to comply with a requirement of the appellate rules, a court order, or a notice from the Clerk requiring a response or other action within

3

a specified time. *See id.* R. 42.3(b), (c); *Smith v. DC Civil Constr., LLC*, 521 S.W.3d 75, 76 (Tex. App.—San Antonio 2017, no pet.). Appellants have not paid the filing fee for the appeal. Further, appellants have not paid for the clerk's record or arranged to pay for the clerk's record. The record does not support appellants' contention that they are entitled to proceed without payment of costs. Accordingly, we deny all relief sought in appellants' pending motions, and we dismiss this appeal. *See* TEX. R. APP. P. 42.3(b), (c).

JON WEST
Justice

Delivered and filed on the
6th day of August, 2026.